

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-8-2006

# Claros-Ramirez v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4343

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Claros-Ramirez v. Atty Gen USA" (2006). *2006 Decisions.* Paper 931.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/931

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4343
_____

ANA LUZ CLAROS-RAMIREZ,
                                                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES;
DEPARTMENT OF HOMELAND SECURITY,
                                                    Respondents
_____

On Review of a Decision of the
Board of Immigration Appeals
(Agency No. A95 118 268)
Immigration Judge: Esmeralda Cabrera
_____

Submitted Under Third Circuit LAR 34.1(a)
June 7, 2006

BEFORE: SLOVITER, SMITH and VAN ANTWERPEN, Circuit Judges

(Filed:  June 8, 2006)
_____

OPINION
_____

PER CURIAM

        Ana Luz Claros-Ramirez, a native and citizen of Honduras, has filed a petition for

review of an order of the Board of Immigration Appeals ("BIA") affirming an Immigration

Judge's ("IJ") denial of her motion to reopen her removal proceedings. We will deny the petition.

Claros-Ramirez originally entered the United States without inspection in November 1989. She applied for asylum in 1993. While her asylum application was pending, Claros-Ramirez traveled to Guatemala without obtaining advance parole. See 8 C.F.R. § 208.8 (providing that an asylum applicant who leaves the United States without first obtaining advance parole is deemed to have abandoned her asylum application). She attempted to reenter the United States in April 2002, and was charged with inadmissibility under Immigration and Nationality Act ("INA") § 212(a)(6)(A)(I) [8 U.S.C. § 1182(a)(6)(A)(I)].

In March 2004, the IJ found that Claros-Ramirez was removable as charged, but allowed her to voluntarily depart the United States by July 16, 2004. She waived her appeal and failed to depart. Instead, in April 2005, Claros-Ramirez filed with the IJ a motion to reopen, alleging that she was eligible for cancellation of removal. See INA § 240A [8 U.S.C. § 1229b]. The IJ denied her motion, finding that it was not filed within ninety days of the removal order, see 8 C.F.R. § 1003.23(b)(1), and that Claros-Ramirez's failure to comply with the voluntary departure order rendered her statutorily ineligible for cancellation of removal, see INA § 240B(d) [8 U.S.C. § 1229c(d)].

On appeal to the BIA, Claros-Ramirez claimed that she was not bound by the IJ's order to voluntarily depart by July 16, 2004, because she had been granted temporary protected status ("TPS") until November 4, 2005. The BIA dismissed the appeal, holding that the IJ properly found that Claros-Ramirez's "failure to depart after having been granted

2

the privilege of voluntary departure renders her statutorily ineligible for cancellation of removal."[1]  Claros-Ramirez timely petitioned for review.

We review the BIA's decision to affirm an IJ's denial of a motion to reopen for abuse of discretion.  See Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005).  Under this standard, we will overturn the BIA's decision only if it is "arbitrary, irrational or contrary to law."  McAllister v. Attorney General, – F.3d –, 2006 WL 903203, at *4 (3d Cir. Apr. 10, 2006) (quotations and citations omitted).

Pursuant to INA § 240B(d), an alien, like Claros-Ramirez, who "fails voluntarily to depart the United States within the time period specified, . . . shall be . . . ineligible for a period of 10 years for any further relief under . . . section 240A [(pertaining to cancellation of removal)]."  Claros-Ramirez does not contest the determination that she failed to voluntarily depart by July 16, 2004, as originally ordered by the IJ.  Rather, she essentially alleges that she did not violate the voluntary departure order because she had been granted

---

[1] The BIA also found that Claros-Ramirez "has not presented a claim of ineffective assistance of counsel that is compliant with our decision in Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988)."  It appears that this finding was in response to Claros-Ramirez's claim – made in a July 12, 2004 request for extension of the voluntary departure period – that her attorney failed to submit her application for cancellation of removal.  We note, however, that in these circumstances only the district director, not the BIA, has authority to consider an application for an extension of the voluntary departure period.  See 8 C.F.R. § 1240.57.  In any event, Claros-Ramirez was not prejudiced by her attorney's alleged failure to apply for cancellation of removal.  See Ponce-Leiva v. Ashcroft, 331 F.3d 369, 377 (3d Cir. 2003) (holding that "[t]o advance a successful claim for ineffective assistance of counsel, an alien must demonstrate prejudice").  Claros-Ramirez last arrived in the United States in 2002, but cancellation of removal requires, inter alia, "physical[] presen[ce] in the United States for a continuous period of not less than 10 years immediately preceding the date of such application."  INA § 240A(b)(1)(A) [8 U.S.C. § 1229b(b)(1)(A)].

TPS until November 4, 2005. Significantly, however, no evidence in the record supports her claim.

In order to demonstrate that she had been granted TPS, Claros-Ramirez submitted to the IJ and the BIA two employment authorization cards, which permitted her to work in the United States from November 5, 2003 through November 4, 2005. As the government notes, however, aliens may be eligible for such cards for a variety of reasons, see 8 C.F.R. § 247a.12, and there is no indication that Claros-Ramirez qualified based on TPS. On appeal, Claros-Ramirez submitted several documents that actually undermine her contention that she was granted TPS. For instance, she provided an undated letter from the Bureau of Immigration and Customs Enforcement ("BICE") asking her for proof that she had been granted TPS. She also submitted a May 2005 letter from her to the BICE, stating that she is applying for TPS. Perhaps most significant, however, is an application for TPS, date-stamped May 9, 2005, in which Claros-Ramirez indicates that this is her first such application.[2] Therefore, even if we could consider these documents, see INA § 242(b)(4)(A) [8 U.S.C. § 1252(b)(4)(A)], they would be of no benefit to Claros-Ramirez.

----

[2] We note that an alien who applies for TPS and establishes a prima facie case of eligibility is entitled to "temporary treatment benefits" – including a prohibition on removal – while her TPS application is pending. See INA §§ 244(a)(1) and 244 (a)(4)(B) [8 U.S.C. §§ 1254a(a)(1) and 1254a(a)(4)(B)]; 8 C.F.R. § 244.10(e). Here, however, it appears that Claros-Ramirez is not prima facie eligible for TPS, as it is available only to those Honduran nationals who "have continuously resided in the United States since December 30, 1998, and been continuously physically present in the United States since January 5, 1999." See Extension of the Designation of Temporary Protected Status for Honduras, 71 Fed. Reg. 16,328, 16,332 (Mar. 31, 2006); see also Escobar v. Gonzales, 417 F.3d 363, 364 n.1 (3d Cir. 2005).

Finally, Claros-Ramirez suggests that the BIA erred by not considering her claim for protection under the United Nations Convention Against Torture. She did not raise this issue in her appeal to the BIA, however, and has thus failed to exhaust her available administrative remedies. Accordingly, we lack jurisdiction to review this claim. <u>See</u> INA § 242(d)(1) [8 U.S.C. § 1252(d)(1)]; <u>see also</u> <u>Bonhometre v. Gonzales</u>, 414 F.3d 442, 448 (3d Cir. 2005).

Under these circumstances, and in light of the "broad deference" that we must accord the BIA's decision, <u>see</u> <u>Zheng v. Gonzales</u>, 422 F.3d 98, 106 (3d Cir. 2005), we cannot say that the BIA abused its discretion in affirming the IJ's denial of Claros-Ramirez's motion to reopen. Accordingly, we will deny her petition for review.